**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**          CR. NO. 94-00017-001 ERIE

    **V.**

**BRUCE LEVETT WAYNE,**
    **DEFENDANT**

**MOTION FOR REDUCTION OF SENTENCE**
**RE CRACK COCAINE OFFENSE**

Bruce Levett Wayne moves this Honorable Court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and the constitutional mandates of ***United States v. Booker,*** 543 U.S. 220 (2005), ***Kimbrough v. United States,*** ___U.S.____, 128 S. Ct. 558 (2007) and other pertinent intervening case law.

The Court is respectfully referred to the Memorandum of Law in support of the motion that is filed herewith.

                                            Respectfully submitted,

                                            /s/Cheryl J. Sturm
                                            Cheryl J. Sturm
                                            Attorney at Law
                                            387 Ring Road
                                            Chadds Ford, Pa. 19317
                                            484-771-2000
                                            484-771-2008
Dated: April 23, 2008                          Sturmcj@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          CR. NO. 94-00017-001 ERIE

       V.

BRUCE LEVETT WAYNE,
       DEFENDANT

MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR REDUCTION OF SENTENCE RE CRACK COCAINE OFFENSE

Defendant, by and through his attorney, submits the following Memorandum of Law in Support of his Motion for Reduction of Sentence Re Crack Cocaine Offense.

**A. BACKGROUND**

On November 1, 1994, Mr. Wayne was sentenced to 360 months' imprisonment. The sentencing guideline range of 360 months to life was based on a total offense level of 40 and a criminal history category of IV.

Following a jury trial, Mr. Wayne was convicted of Count 1- conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. Section 846. Paragraphs 4 through 15 of the presentence investigation report ["PSI"] detail the evidence introduced by the government at trial relating to Mr. Wayne's alleged involvement with crack cocaine. Paragraph 14 of the PSI calculates an amount of 726.8 grams of crack cocaine based on the testimony of James Tate.[1]

---

[1] Mr. Wayne contested drug quantity and requested an evidentiary hearing at sentencing on the quantity of drugs for which he should be held accountable. The sentencing court denied the request for the hearing. The calculation of the quantity was affirmed on appeal.

Paragraph 20 of the PSI states that the base offense level was 36. Four points were added for role in the offense [PSI, paragraph 23]. The total offense level was 40. [PSI, paragraph 29].

Mr. Wayne's criminal history score was a 7, resulting in a criminal history category of IV. [PSI, paragraph 39]. The indictment did not charge a specific quantity of crack cocaine. Mr. Wayne had one prior conviction for a felony drug offense, but a prior felony information was not filed. [PSI, paragraph 51]. The PSI incorrectly states that there is a twenty (20 year mandatory minimum. However, there was no mandatory minimum because drug quantity was not alleged in the indictment and proven to the satisfaction of a jury beyond a reasonable doubt. *Apprendi vs. New Jersey*, 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But for the *Apprendi* decision, the minimum would have been ten years and not twenty years because the government did not file a Section 851 special information, which is a prerequisite to invocation of an increased statutory penalty.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 which provides for a two level reduction in the base level for crack cocaine. The Amendment was the result of a number of studies that raised concerns about the fairness and rationale of the 100-to-1 crack vs. powder ratio that was included in the Sentencing Guidelines. See, United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007); United States Sentencing Commission, Special Report to Congress; Cocaine and Federal Sentencing Policy (April 1997); United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (February 1995).

The Sentencing Commission Report of 2007 at page 10 characterizes Amendment 706 as a "partial remedy" to the "urgent and compelling" problems that result from the 100-to-1 drug quantity ratio.

*Kimbrough v United States,* 128 S. Ct. 558-568-69 (2007) discusses the Sentencing Commission reports cited above and discusses the history underlying the crack cocaine guidelines.

The Sentencing Commission took under consideration whether to make Amendment 706 retroactive under 18 U.S.C. § 3582(c)(2). The Amendment was made retroactive when, on December 11, 2007, it was included in the list of retroactive amendments found at § 1B1.10. See Amendment #711.

Mr. Wayne's motion to reduce his sentence under retroactive amendments 706 and 711 is based on authority found in United States Supreme Court decisions in *United States v. Booker,* 543 U.S. 220 (2005); *Kimbrough, supra., Rita v. United States,* 127 S. Ct. 2456 (2007); and *Gall v. United States,* 128 S. Ct. 586 (2007).

**II. DISCUSSION**

    **I.**    **Mr. Wayne is entitled to a 2 level reduction in his offense level**

18 U.S.C. § 3582(c)(2) reads, in reads, in pertinent part:

> {I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …upon motion of the defendant…the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a), to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Wayne qualifies for a reduction under §3582. The sentencing guidelines employed at his sentencing mandated a sentence of 360 months to life. A 360 month

4

sentence was imposed. Under retroactive amendment 706, the Sentencing Commission has lowered his guideline range to 324-405.  At the very least, Mr. Wayne should be resentenced to the bottom of the new guideline range, as he was sentenced to the bottom of the guidelines at his original sentencing.

**II.     The Court should reduce Mr. Wayne's Offense Level by more than 2.**

*United States v. Wise,*  515 F3d 207 (3d Cir. 2008) discusses how a sentencing should be conducted, post *Booker.*

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guideline range is reasonable.  He must make an individualized assessment based on the facts presented.  If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.  After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Wise* at 216, citing *Gall v. United States,* 128 S. Ct. at 596-597.

*Wise* explains that *Gall* "reemphasizes the post-*Booker* sentencing structure" established by Third Circuit precedent in *United States v. Ali,*  508 F3d 136, 142, 153-54 (3d Cir. 2007); *United States v. Gunter,* 462 F3d. 237, 247 (3d Cir. 2006); *United States v. Cooper,* 437 F3d 324, 329-30 (3d Cir. 2006).  *Wise* at 216.

As *Gall*  and *Gunter* explain,  "after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all

5

of the [18 U.S.C] § 3553(a) factors and determining the appropriate sentence to impose." [Citations omitted] *Wise,* at 216-217.

In promulgating retroactive Amendment 706, the Sentencing Commission recognized that sentencing objectives are not met by the 100-to-1 powder to crack ration because the ratio was based on assumptions about the relative harmfulness of the two drugs and on the relative prevalence of harmful conduct associated with the use and distribution of the two drugs that research did not support; because it punishes "retail" crack dealers more harshly than 'wholesale" drug distributors and because the disparity "fosters a disrespect for and lack of confidence in the criminal justice system" caused by a general perception that race is the basis for an unwarranted disparity. ***Kimbrough, supra.,*** at 568. Coupled with the admission of the Sentencing Commission that Amendment 706 is only a "partial remedy" to the sentencing disparity created by the 100-to-1 ratio, it is a reasonable conclusion that the sentencing guideline ranges applicable to crack offenders violates that principle of parsimony provision of 18 U.S.C. § 3553(a) which places upon the court the duty to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Based on these underlying principles, Mr. Wayne asks the Court not to limit his resentencing to a 2 level reduction because the resulting sentence still would violate the principle of parsimony in § 3553(a). The 9th Circuit Court of Appeals has determined that ***Booker*, supra.,** applies to the imposition of a new sentence under § 3582(c) in ***United States v. Hicks*,** 472 F3d. 1167, 1169 (9th Cir. 2007):

> ***Booker*** explicitly stated that: 'as by now should be clear, [a] mandatory system is not longer an open choice.' Although the Court acknowledged that Congress had intended to create a mandatory guideline system, ***Booker*** stressed that this was not an option: [W]e repeat, given today's

constitutional holding, [a mandatory Guideline regime] is not a choice that remains open…[W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress has enacted into law.' The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.

In fact, the Court emphasized that the guidelines could not be construed as mandatory in one context and advisory in another. When the government suggested, in *Booker*, that the guidelines be considered advisory in certain, constitutionally-compelled cases, but mandatory in others, the Court quickly dismissed this notion, stating, 'we do not see how it is possible to leave the Guidelines binding in other cases…[W]e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the administrative complexities that such a system would create.' In short, *Booker* expressly rejected the idea that the Guidelines might be advisory in certain contexts, but not in others, and Congress has done nothing to undermine this conclusion. Because the 'mandatory system in no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2). *Hicks* at 1170.

Other courts have agreed with the 9th Circuit. See, *United States v. Polanco,* 2008 WL 14485 at *2 (S.D.N.Y. 2008); *United States v. Forty Estremera*, 498 F. Supp. 2d 468, 471-72 (D.P.R. 2007); *United States v. Stokes,* 2008 U.S. Dist. Lexis 27938 at *11-12 (M.D. Florida, 2008).

Post-*Booker,* the question of whether the court has the discretion to depart from the guidelines if Mr. Wayne is resentenced remains open in this Circuit.

The authority of the district court to resentence a defendant whose guideline range has been lowered by Amendment 706 is found in Amendment 711 and 18 U.S.C. § 3582(c)(2), which, in turn directs the court to consider the § 3553(a) factors. 18 U.S.C. §3553(a)(4)(A)(ii) says that when imposing sentence, the Court must employ the guidelines in effect on the date of sentencing. " Specifically, § 3553(a)(4)(A)(ii) instructs that a court should consider the Guidelines that 'are in effect on the date the defendant is

sentenced.' That statutory command has been incorporated into the Guidelines themselves, which state that '[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.' U.S.S.G. § 1B1.11(a)." *Wise, supra.* At 219-220.

Therefore, Section 1B1.10(a)(3) [USSG Guideline Amendment 712] of the United States Sentencing Guidelines, a policy statement that is merely advisory, does not preclude a full resentencing for Mr. Wayne. An advisory policy statement is not binding on the Court,

> That policy statement reads, in pertinent part:
>
> (a) <u>Authority</u>
>
> > (3) <u>Limitation-</u> Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute full resentencing of the defendant.

Post-***Booker,*** the sentencing guidelines are advisory. If the entire guideline scheme must be advisory and not mandatory in order not to violate the Sixth Amendment, all parts of the guidelines scheme, including policy statements, must be advisory and not mandatory.

Without delegation from Congress, which it does not have, the Sentencing Commission does not have the statutory authority to limit the jurisdiction of the Court to fashion an appropriate sentence. 18 U.S.C. § 3582(c) provides that a Court "may reduce the term of imprisonment." Section 1B1.10 cannot be viewed as mandatory without creating a situation where the Sentencing Commission is limiting the jurisdiction of the district court. Such a limit on the powers of the district court by the Commission would violate the constitution. ***United States v. Mistretta***, 488 U.S. 361 (1989) upheld the constitutionality of the Sentencing Reform Act because the Supreme Court found the

8

Reform Act did not have within it an unconstitutional delegation of the legislative powers of Congress. As *Booker, supra.* explained: "That decision[ *Mistretta*] was premised on an understanding that the Commission, rather than performing adjudicatory functions, instead makes political and substantive decisions. **488 U.S., at 393, 102 L. Ed. 2d 714, 109 S. Ct. 647**." *Booker,* 543 U.S. at 243.

The advisory guidelines should not be applied in this case because they call for a sentence that is greater than necessary and does not meet the purpose of sentence required by 18 U.S.C. § 3553(a).

**3. The 3553(a) factors support a sentence reduction and support a reduction greater than 2 levels.**

Application Note 1 to the advisory Amended Guideline § 1B1.10(B) reads, in pertinent part, as follows:

> (B) <u>Factors for Consideration</u> –
>
> (i)   <u>In General.</u> – Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) <u>Public Safety Consideration.</u> – The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in section (b).
>
> (iii) <u>Post-Sentencing Conduct.</u> – The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

18 U.S.C. 3353 reads, in pertinent part:

**(a) Factors to be considered in imposing a sentence**.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to promote just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for--
(A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and

(7) the need to provide restitution to any victims of the offense.

Consideration of all of the 3553(a) factors supports a reduction of more than 2 levels for Mr. Wayne.

A sentence at the bottom of the 324-405 guidelines that result from a 2 level reduction is the minimum reduction supported by the facts of this case, but 324 months overstates the seriousness of the offense.

A sentence to time served would strike an appropriate balance between the important factors including the seriousness of the offense and the characteristics of the

offender. In addition, a sentence of time served would protect the public and would promote respect for the law.

Mr. Wayne has one prior drug conviction in 1990 at age 20 for the sale of 2 grams of cocaine. [PSI, paragraph 31]  He also has a conviction for driving while under the influence at age 20 [PSI, paragraph 35] for which he received a 5 day jail sentence. There are no guns or violence reported in the presentence report in relation to the instant crime or to the prior convictions. No danger to the community would be posed by the reducing the term of Mr. Wayne's imprisonment.

The Court may also consider Mr. Wayne's post-sentencing conduct in considering whether a reduction is warranted and the extent of the reduction.  Mr. Wayne has been involved in programming while in custody that benefits both him and the community.  He received a certificate of appreciation in June 2002 for his participation in the "Young Adult Deterence Program" where he was recognized for his "contributions in helping to change the lives of young men who participate in 'The Young Adult Deterrence Program'. You have helped to make a difference in other's lives." (Exhibit A)   He received both a certificate of achievement and a certificate of excellence (Exhibits B and C) for his completion of "The 'Keeping It Real' Program" for personal change.  He also received certificates of completion for a total of 55 hours of study in "Victim Impact Group". (Exhibit D, Progress Report dated 12/17/2007, p. 2.)  The Progress Report also states that He has completed training in the "health aspects of fast food" and that he has been employed as a cook for 20 months.  He is also enrolled in an English class and has his GED. Id.

His institutional conduct has been very good and the Progress Report indicates he had a single incident report in 2005 for possessing an unauthorized item. Id. He has satisfied his financial responsibility. Id., p. 3.

Mr. Wayne's post-sentencing conduct supports a reduction beyond the 2 levels for which he is definitely eligible.

## CONCLUSION

At the minimum, Mr. Wayne should receive a two level reduction and a sentence at the bottom of the resulting guidelines. Mr. Wayne asks the Court to exercise its full discretion under ***Booker*** and § 3553(a); to resentence him with regard to guidelines that are truly advisory and remedy the very harsh sentence previously required by the arbitrary but mandatory crack guidelines. He was 24 years old when he was sentenced to 30 years in prison. He asks the Court to sentence him to time served for all of the reasons set forth above. 18 U.S.C. § 3553(a) places upon the court the duty to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Dated: April 23, 2008                                             Respectfully submitted,

/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney at Law
387 Ring Road
Chadds Ford, Pa.19317
484-771-2000
484-771-2008
Sturmcj@aol.com

12

CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd day of April, 2008, she caused a copy of the within Motion for Reduction of Sentence Re Crack Cocaine and Supporting Memorandum with Exhibits to be served upon opposing counsel by United States Mail, first class postage pre-paid:

John Trucilla, AUSA
U.S. Attorney's Office
137 United States Courthouse
Erie, Pa. 16501

Dated: April 23, 2008                                    /s/Cheryl J. Sturm