IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )      Criminal No. 94-17 Erie
                              )
BRUCE LEVETT WAYNE            )


GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18
U.S.C. § 3582(c)(2)


AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and makes the following response to defendant's motion.

On April 23, 2008, the defendant filed a motion seeking a reduction in his sentence based upon the new Sentencing Guidelines for crack cocaine offenses. The government agrees that defendant's request for a reduced sentence based upon the new crack cocaine guidelines does have merit and that he is entitled to a 2-point offense level reduction. However, rather than accept a new sentence that would be fair and reasonable under the reduced guideline range, the defendant goes farther, beyond what is authorized under § 3582(c), and asks for an even lower sentence.[1] Since the Court's authority to reduce the sentence has only arisen

_____

[1]Although he is not projected to be released from federal prison until May 8, 2020, Wayne asks that his sentence be reduced to time served.

in the context of a retroactively applied amendment to the Sentencing Guidelines, the defendant's claim for a sentence even lower than that which would be achieved from applying the new guideline should be rejected as improper under section 3582(c).

Mr. Wayne, also known as "Big Daddy" and "Bat Man", was indicted on June 8, 1994, and was charged with one count of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and one count of possessing with intent to distribute and distributing less than five grams of crack cocaine in violation of 21 U.S.C. § 841. This Court presided over the jury trial which commenced on August 22, 1994. The jury found Wayne guilty on the conspiracy count. At sentencing on November 1, 1994, this Court attributed 726.8 grams of cocaine base to the defendant, resulting in a base offense level of 36. This Court also increased the offense level by four levels to level 40 because Wayne was a leader of the conspiracy. Wayne's criminal history category was IV and the corresponding guideline range for an offense level of 40, was 360 months to life in prison. Wayne was sentenced to serve 360 months in prison. [2]

The government agrees that the retroactively applied amended offense level for 726.8 grams of cocaine base under

---

[2]Rather than recount the facts of the case herein, the government would refer the Court to its own summarization of the facts set forth in an opinion denying Wayne's Moion to Vacate sentence. The opinion was dated July 21, 1997, and is included in the docket as document number 77.

U.S.S.G. § 2D1.1 is now level 34.  After a four level increase for being a leader of the conspiracy under U.S.S.G. § 3B1.1, Wayne's final offense level is now level 38.  With an offense level of 38 and a criminal history category IV, the new guideline range is 324 to 405 months imprisonment.

The government submits that, without further hearing on the matter, the Court ought to consider the factors in 18 U.S.C. § 3553, alongside the parameters of a § 3582(c)(2) sentence modification, and modify the defendant's sentence to a term of imprisonment of 324 months.  A sentence below 324 months would not be authorized under § 3582(c)(2).  The courts amended judgment of sentence should reflect its consideration of the § 3553 factors.

## ARGUMENT

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added).

In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which generally reduced the base offense level for most cocaine base ("crack") offenses by two levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

The defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Although the defendant may qualify for a reduction in sentence under § 3582(c)(2) and the

4

applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in § 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. App. Note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d

1323, 1327-28 (9th Cir. 1992); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." <u>Vautier</u>, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." <u>Id.</u>

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the § 3553(a) factors and determining

whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised Application Note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised Application Note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The Application Note explains that these factors are relevant in determining whether and by how much to reduce a sentence, **but only within the limits set forth in Section 1B1.10(b).**

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), **"the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."**

7

U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 App. Note 3. Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

Again, § 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its recently revised policy statements, the Sentencing Commission made clear that proceedings under § 1B1.10 and § 3582(c)(2) "do not constitute a full resentencing of the defendant." Furthermore, in subsection (b)(1) the policy statement explicitly directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*" (emphasis added).  The limitation imposed by the Sentencing Commission must be respected.  See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "do[es] not contemplate a full de novo resentencing") (quoting United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997)); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.").

Plainly, the provision for reduction of sentence stated in § 3582(c)(2) and implemented in Section 1B1.10 is narrow, given the essential jurisprudential interest in finality in criminal litigation.  See Teaque v. Lane, 489 U.S. 288, 308-10 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect.").  A federal criminal sentence is generally final following a direct appeal, and modification is permitted by law only in very circumscribed situations.  Section 3582(c)(2) allows modification based on a guideline amendment deemed retroactively applicable by the Sentencing Commission; Federal Rule

of Criminal Procedure 35 allows a revision based on specified clerical and technical errors, or pursuant to a government motion; and 28 U.S.C. § 2255 permits resentencing to correct errors of constitutional magnitude or those amounting to a miscarriage of justice.

Thus, the power afforded in § 3582(c)(2) is limited, and that limit must be respected.  See Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u).  This power has been implemented in Section 1B1.10, which sets forth the amendments that justify sentence reduction.") (Emphasis in original).  The Third Circuit explained:

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed.  In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002). McBride rejected an effort to invoke the new constitutional rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) (that any fact which increases a statutory maximum sentence must be proven to a jury

beyond a reasonable doubt), through the filing of a § 3582(c)(2) motion, given that <u>Apprendi</u> did not represent an action of the Sentencing Commission lowering a guideline range. <u>McBride</u> held that, consistent with the limited relief afforded by §§ 3582(c)(2) and 1B1.10, the district court could impose a sentence within a reduced guideline range regardless of whether that sentence violated <u>Apprendi</u>. <u>McBride</u>, 283 F.3d at 615-16.

All other courts have acted consistently in rejecting any claims made under § 3582(c)(2) other than those seeking application of a retroactive guideline amendment. <u>See, e.g.</u>, <u>United States v. Jordan</u>, 162 F.3d 1 (1st Cir. 1998) (when reducing a sentence based on a retroactive amendment, the court does not have authority to grant a departure on any other ground, including the provision in Section 5K2.0 for departures in extraordinary cases); <u>Cortorreal v. United States</u>, 486 F.3d 742, 744 (2d Cir. 2007) (Section 3582(c)(2) motion may not be employed to present claim under <u>Booker</u>); <u>United States v. Carter</u>, 500 F.3d 486, 490-91 (6th Cir. 2007) (same; explaining that a § 3582(c)(2) motion may only be presented based on a guideline amendment of the Sentencing Commission, as the basis of the motion is distinct from other claims which might affect the sentence, which must be presented, if at all, under § 2255); <u>United States v. Smith</u>, 241 F.3d 546, 548 (7th Cir. 2001) (Section 3582(c)(2) motion may not be employed to present claim under <u>Apprendi</u>); <u>United States v. Lloyd</u>, 398 F.3d 978, 979-80 (7th Cir.

11

2005) (claims that district judge miscalculated the defendant's relevant conduct, and that the CCE statute was improperly applied, were cognizable only under § 2255, and the § 3582(c)(2) motion was therefore properly dismissed); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (Section 3582(c)(2) motion may not be employed to present claim under Booker); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (district court was correct to deny Eighth Amendment claim; "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one. Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Section 3582(c)(2) motion may not be employed to present claim under Booker).

The defendant seems to contend that, in addition to considering where within the revised guideline range he should be sentenced, this Court should conduct a full resentencing, and reexamine the entire sentence consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory. That position is incorrect; the defendant's claim that Booker applies in this proceeding and permits a reduction in sentence beyond the limits set by Congress and the Sentencing Commission is without merit. Similarly, the defendant relies upon Kimbrough v. United States,

128 S.Ct. 558 (2007) to argue that the guideline for crack cocaine offenses in particular is advisory, and that a sentencing court may consider criticism of the advisory guideline for crack cocaine offenses when determining the defendant's original sentence. These decisions, however, may not be applied in a Section 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range. Section 3582(c)(2) allows a court to reduce a sentence based on a retroactive guideline amendment only as authorized by the Sentencing Commission, and the Commission has limited the extent of such a reduction to the application of the amended guideline range or a reduction comparable to the extent of a previously granted reduction below the earlier guideline range.

In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the

offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." Braxton, 500 U.S. at 348 (citing § 994(u); emphasis omitted). Thus, under the express statutory language of Section 3582(c)(2) and Section 994(u), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. See United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

As explained above, Section 3582(c)(2) does not provide for full resentencing of defendants. In its recent revision to the policy statement governing sentencing reductions under Section 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); see Bravo, 203 F.3d at 781 (Section 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'") (quoting Cothran, 106 F.3d at 1562); see also McBride, 283 F.3d at 615; Jordan, 162 F.3d at 4; United States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996); United States v. Swint,

14

251 Fed.Appx. 765, 768 (3d Cir. 2007) (under 3582(c)(2) a full de novo resentencing is not authorized).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2). Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under

15

subdivision (1) may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B);
see id., app. note 3 (if defendant's original sentence was a
downward departure of 20% below guideline range, reduction to term
that is 20% below amended guideline range would be a "comparable
reduction"). Thus, the Commission, consistent with the
authorization provided by Congress, has set a floor below which a
reduced sentence may not fall. In short, 18 U.S.C. § 3582(c)(2)
and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited
reduction of sentence, while prohibiting a complete reevaluation of
the sentence. See, e.g., United States v. Hasan, 245 F.3d 682,
685-86 (8th Cir. 2001) (en banc) (reduction below the amended
guideline range is not permitted); Bravo, 203 F.3d at 781 (court
was not permitted to "depart downward . . . to an extent greater
than that authorized under Section 3582(c) based on the amended
guideline provision").

The Court held that the Sixth Amendment, as construed by
the Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), and
Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal
Sentencing Guidelines, under which the sentencing court rather than
the jury found facts that established the mandatory guidelines
range. Booker, 543 U.S. at 230-45. The Court remedied that
constitutional defect by severing the statutory provisions that
made the guidelines range mandatory, resulting in a regime in which
the Guidelines are advisory, and courts are to consider the

guidelines and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. Id. at 245-68; see Gall v. United States, 128 S.Ct. 586, 594 (2007).

Nothing in Booker expands the scope of sentencing reductions under Section 3582(c)(2). As an initial matter, even before Booker, the Guidelines were not mandatory in Section 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

Booker had no direct effect on Section 3582(c)(2). Booker's constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Booker, 543 U.S. at 231 (quoting Apprendi v. New Jersey,

530 U.S. 466, 490 (2000)).  That rule has no application to proceedings under Section 3582(c)(2), which can only decrease - not increase - the defendant's sentence.  Moreover, the limits Section 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range.  See Harris v. United States, 536 U.S. 545 (2002).

Booker's remedial holding is likewise inapplicable. Booker applies to full sentencing hearings - whether in an initial sentencing or in a resentencing where the original sentence is vacated for error.  The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b).  It also excised the related provision on appellate review, 18 U.S.C. § 3742(e).  "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements."  543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by Booker.  Nor is there anything else in Booker that directly addresses Section 3582 proceedings.

The Booker Court applied its advisory guideline's remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory

in some contexts and advisory in others.  543 U.S. at 266.  The
Court rested its conclusion on two observations, neither of which
is applicable to reduction proceedings under Section 3582(c)(2).
The first was that Congress would not have wanted to "impose
mandatory . . . . limits on a judge's ability to <u>reduce</u> sentences,"
but not to "impose those limits upon a judge's ability to <u>increase</u>
sentences."  <u>Id.</u> (emphasis in original); <u>see id.</u> (Congress would
not have wanted such "one-way lever[s]").  But Congress clearly
intended Section 3582(c)(2) to be a "one-way lever" – it gives the
court the option to leave a defendant's sentence alone or to reduce
it, but does not permit the court to increase the sentence.
Second, the Court observed that rendering the Guidelines partially
advisory and partially mandatory in federal sentencings would
engender significant "administrative complexities."  <u>Id</u>.  Given the
limited scope of a proceeding under Section 3582(c)(2), none of the
significant "administrative complexities" is present that led the
Supreme Court to require all guideline provisions to be advisory at
full sentencing proceedings.  <u>Booker</u>, 543 U.S. at 266.  To the
contrary, holding that <u>Booker</u> requires full resentencings whenever
a guideline is made retroactive — in many cases years after the
original sentencing — would create major administrative
complexities and would vastly expand the intended scope of a
sentencing reduction under Section 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant.  Although one of the factors in Section 3553(a) is the Guidelines range, and Booker made that range advisory, the still-valid statutory language in Section 3582(c)(2) requires courts to consider the Section 3553(a) factors (including the Guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission."  The Commission has made clear that courts are to consider the Section 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only within the limits" of Section 1B1.10.  U.S.S.G. § 1B1.10, App. Note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in Gall, or Kimbrough affects this analysis.  Both decisions reaffirmed Booker's remedial holding that the Guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them.  See Gall, 128 S.Ct. at 594-98; Kimbrough, 128 S.Ct. at 574-75.  Because, as explained above, Booker does not apply to Section 3582(c) proceedings, the applications of Booker's remedial opinion in Gall and Kimbrough do not apply in such proceedings either.

20

The defendant also relies on United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), in which the Ninth Circuit concluded that limiting the extent of a Section 3582(c)(2) sentencing reduction to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by Booker. For the reasons stated above, Hicks' analysis is flawed and should not be followed by this Court.[3] Hicks fails to consider that the context of a Section 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence - and thus run afoul of the Sixth Amendment - that were addressed in Booker. Hicks also fails to recognize that a sentencing reduction under Section 3582(c)(2) is not a full resentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment. Likewise, Hicks ignores the fact that Section 3582(c)(2) incorporates into the statute the limits in Section 1B1.10, and that those statutory limits are binding on sentencing courts.

The conclusion that Booker does not apply in proceedings under Section 3582(c)(2) is consistent with the courts of appeals'

---

[3] Hicks has been rejected by the Fourth Circuit in United States v. Hudson, 242 Fed.Appx. 16 (4th Cir. 2007) (affirming the district court's refusal to apply Booker in a § 3582 context). Hicks has also been rejected in United States v. Poland, 533 F.Supp.2d 199, 207 (D. Me. 2008) and United States v. Cruz, 2008WL539216 at *5 n. 7 (E.D. N.Y. 2008).

unanimous holding that defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255.  See Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 613-16 (2005); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 602-05 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); In re Fashina, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full Booker resentencing.

Indeed, given that Booker does not apply to the many defendants whose sentences were final when Booker was decided, it would be unfair to apply Booker to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants'

sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full resentencing.

Accordingly, while this Court should consider the Section 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress. Booker does not apply in this context, and there is no authorization for this Court to revisit its earlier sentencing determinations.

Should this Court disagree and conclude that Booker is applicable, it should exercise its discretion not to vary below the amended guideline range. The Sentencing Commission's determinations, which always must be considered in sentencing, see 18 U.S.C. § 3553(a), deserve particular respect in this context, where Congress specifically delegated to the Commission the authority to amend the Guidelines, and to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). It is appropriate to abide by these restrictions,

given that the Commission has properly determined that Section 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not to relitigation of other aspects of the sentence. See U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) "do not constitute a full resentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants.  See 18 U.S.C. § 3553(a)(6).  And it will avoid substantial unfairness to countless defendants who may not gain reconsideration of their final sentences because they did not enjoy the fortuity of having a retroactive guideline amendment applied to one aspect of their sentences.

In the end, with regard to the statute itself, the defense cannot overcome the clear direction of Congress in these sentence modification cases.  The statute is clear that a modification of sentence under 3582(c) is only authorized if it is consistent with the applicable policy statements issued by the Sentencing Commission.  Reducing Wayne's sentence below the level of the new guideline range, is not consistent with the policy statements issued by the Sentencing Commission.

Recent guidance from the Third Circuit in United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008) provides a clear indication that, in this Circuit, Wayne's post-Booker

justifications for an even greater reduction in sentence should be rejected. Although the _Wise_ case did not directly deal with a § 3582 (c)(2) modification of sentence, it discussed such motions, confirmed the connection between § 3582(c)(2) and the Sentencing Commission's policy statements, and discussed the limits of _Booker_ in the context of 3582(c) motions. There, the Third Circuit noted that nothing in the _Booker_ case "purported to obviate the congressional directive [found in § 3582(c)] on whether a sentence could be reduced based upon subsequent changes in the Guidelines." The Circuit then specifically connected the authority of a court to reduce a sentence under § 3582(c) to the policy statements found in section § 1B1.10. _Wise_, 515 F.3d at 221 (Footnote 11). Clearly, given the opportunity to pronounce that the policy statements which provide the parameters of § 3582(c)(2) modifications of sentence were not controlling on district courts after _Booker_, the Third Circuit indicated that such a reading would represent a fundamental misunderstanding of the limits of _Booker_.

Accordingly, the defendant's request for a sentence lower than 324 months (the bottom of the new guideline range) must be summarily denied. In Mr. Wayne's case, the court should grant the defendant's request for a fair modification of sentence based upon the new guideline, but should reject the defendant's request to reduce the sentence even more than is called for in §

3582(c)(2).  A sentence of 324 months imprisonment would represent a fair and reasonable modification of sentence.

WHEREFORE, the government respectfully requests that the Court grant the defendant a sentence reduction based on the amended Sentencing Guidelines for crack, but deny defendant's request for a sentence that is even lower than the new sentencing guideline range.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362