IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        CR. NO. 94-00017-001 ERIE

V.

BRUCE LEVETT WAYNE,
    DEFENDANT

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. SECTION 3582(c)(2)

    Defendant, Bruce Levett Wayne, by and through his attorney, hereby submits the following Reply to the Government's Response to Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2).

I  THE GOVERNMENT AGREES THAT THE DEFENDANT IS ENTITLED TO A TWO LEVEL POINT OFFENSE LEVEL REDUCTION AND SUGGESTS A SENTENCE OF 324 MONTHS.

    The Government agrees in its Response that Amendment 706 applies retroactively to Mr. Wayne and that he is entitled to a 2 point offense level reduction. The resulting total offense level would be a 38 and, combined with a criminal history category of IV, the new guideline range would be 324 to 360 months. The Government suggests that a sentence at the bottom of the guidelines, or 324 months "would represent a fair and reasonable modification of sentence." Response, p. 26.

II. THE COURT SHOULD EXERCISE ITS FULL DISCRETION UNDER **BOOKER** AND SHOULD IMPOSE A SENTENCE LESS THAN 324 MONTHS.

    In support of its arguments that the resentencing under Section 3582(c)(2) is not de novo and that this Honorable Court lacks the authority to impose a sentence lower

than the bottom of the amended guideline range, the Government cites a litany of pre-

**Booker**[1] , pre- **Gall**[2] and pre-**Kimbrough**[3] cases.  The Government urges the Court to

conclude that the extent of any reduction granted by the Court under § 3582(c)(2) is

limited by U.S.S.G. § 1B1.10, App. Note 1(B) (I).

As the 9th Circuit concluded in **United States v. Hicks,** 472 F3d 1167 (9th Cir.

2007), after **Booker**, the <u>entire</u> guideline system is advisory and not mandatory.

Therefore, U.S.S.G. § 1B1.10, App. Note 1(B)(I), is advisory, not mandatory.  In **United**

**States v. Forty Estremera,** 498 F. Supp. 2d 468 (D.PR. 2007), the sentencing court

employed **Booker** in the context of a resentencing that resulted from a §3582(c)(2)

motion, finding that the court must employ the version of the Sentencing Guidelines in

effect on the date of sentencing, unless an *ex post facto* problem would result.  The Court

found that the version of the Sentencing Guidelines in effect at the time of sentencing is

the post-**Booker** advisory regime, quoting **Booker** as follows:

> as by now should be clear [a] mandatory system is no longer
> an open choice.  **Booker,** 543 U.S. at 263. **Forty Estrema** at 471.

The sentencing court concluded "since Booker excised the statutes that made the

Guidelines mandatory and mandatory guidelines no longer exist, this Court is free

to resentence Forty accordingly", citing **Hicks, supra.,** with approval.  The court went on

to conclude that policy statements that are inconsistent with **Booker** must "give way".

**Forty Estrema** at 472.

In **United States v. Stokes,** 2008 U.S. Dist. LEXIS 27938 (M.D. Fl. April 7,

2008), the Court agreed with 11th Circuit precedent that **Booker,** itself, does not  create

---

[1] **United States v. Booker,** 543 U.S. 220 (2005).
[2] **Gall v. United States,** 128 S. Ct. 586 (2007).
[3] **Kimbrough v. United States,** 128 S. Ct. 558 (2007).

jurisdiction for a court to reduce a sentence under §3582(c)(2) based on the holding that the guidelines are merely advisory.  The **Stokes** court went on to conclude that a different question arises when the court has made a determination that §3582(c)(2) applies to the defendant, without <u>first</u> resorting to **Booker.**  In that instance, the authority of the court to reduce the sentence is found in the statute and not in **Booker.**   The court in **Stokes** determined that, post- **Booker,** there was no 11th Circuit precedent that said the guidelines may never be considered advisory in a §3582(c)(2) sentencing context and found it had the authority to reduce the defendant's sentence even though strict application of the guidelines commentary would prohibit the reduction.

The same analysis of circuit precedent engaged in **Stokes** applies to the Government's reliance on **United States v. McBride,** 283 F. 3d 612 (3d Cir. 2002).  The Government looks to **McBride** as Third Circuit precedent that prohibits a finding that the court can regard the guidelines as merely advisory in the context of a §3582(c)(2) sentencing.   The Government relies on a footnote in **United States v. Wise,** 515 F3d 207 (3d Cir. 2008) as a "clear indication" that Mr. Wayne's argument the guidelines may be considered advisory in a §3582(c)(2) sentencing context has been decided in this Circuit.  The footnote does not decide the issue.    There is <u>no post-</u>**Booker** Third Circuit holding that says the guidelines may never be considered advisory in the context of a §3582(c)(2) sentencing.

In **Hicks v. United States,**  2008 U.S. Dist. LEXIS 17953 (D.DC. March 6, 2008), the judge found that the defendant did not qualify for relief under §3582(c)(2), but said:

> The holding in **United States v. Hicks,**  472 F3d 1167 (9th Cir. 2007) is that **Booker** applies to resentencing proceedings under §3582(c)(2).  That decision

3

is not controlling in this Circuit, but it is certainly persuasive, and I would be inclined to follow it, *if* resentencing under §3582(c)(2) were appropriate in Mr. Hicks' case.

Mr. Wayne respectfully requests that this court follow **United States v. Hicks, Stokes** and **United States v. Forty Estremera,** and conduct a de novo resentencing.

## CONCLUSION

At the minimum, Mr. Wayne should, as the government agrees, receive a two level reduction and a sentence at the bottom of the guidelines. Mr. Wayne asks the Court to exercise its full discretion under **Booker** and §3582(c)(2); to resentence him with regard to guidelines that are truly advisory and remedy the very harsh sentence previously required by the arbitrary but mandatory crack guidelines. He was 24 years old when he was sentenced to 30 years in prison. He has been in custody for approximately 14 years. He asks the Court to sentence him to time served for all of the reasons set forth above. 18 U.S.C. §3553(a) places upon the court the duty to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Dated: May 22, 2008                                        Respectfully submitted,

/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney at Law
387 Ring Road
Chadds Ford, Pa. 19317
484-771-2000
484-771-2008
Sturmcj@aol.com

4

CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of May, 2008, she caused a copy of the within Reply to Government's Response to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(2)(2) to be served upon opposing counsel by United States Mail, first class postage pre-paid and addressed as follows:

Marshall J. Piccinini. AUSA
U.S. Attorney's Office
Room A330
17 South Park Row
Erie, PA 16501

Dated: May 22, 2008                                    /s/Cheryl J. Sturm